Case 4:22-mj-02685 Document 1 Filed on 11/17/22 in TXSD Page 1 of 8

United States Courts
Southern District of Texas
FILED

*November 17, 2022*

Nathan Ochsner, Clerk of Court

**4:22-mj-2685**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

OCT 19 2022

BY
DEPUTY

**SEALED**

| | |
|---|---|
| UNITED STATES OF AMERICA § | No. 9:22CR4D |
| v. § | |
| § | Judge MAC-ZH |
| TERRENCE D. WILLIAMS (1); § | |
| ▌ § § § § § § § § § § § § § § § | |

### INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### Count One

Violation: 21 U.S.C. § 846
(Conspiracy to Distribute and Possess
with the Intent to Distribute a Controlled
Substance (Methamphetamine)).

From on or about September 10, 2019, the exact date being unknown to the Grand Jury, and continuing thereafter until on or about July 18, 2022, in the Eastern District of Texas and elsewhere, **Terrence D. Williams**; ▌

▌

▌

Indictment – Page 1

███████████████████████████████████████, defendants, knowingly and intentionally conspired and agreed with each other, and with persons known and unknown to the Grand Jury, to distribute and to possess with the intent to distribute a controlled substance, namely: 50 grams or more of methamphetamine (actual), a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1).

All in violation of 21 U.S.C. § 846.

### Count Two

Violation: 18 U.S.C. § 924(c)(1)
(Possession of a Firearm in Furtherance
of a Drug Trafficking Crime)

On or about October 27, 2021, in the Eastern District of Texas, ███████ ███████████████████████████, defendants, aiding and abetting each other, did knowingly possess a firearm in furtherance of a drug trafficking crime for which they may be prosecuted in a court of the United States, namely, a violation of 21 U.S.C. § 846, conspiracy to distribute and possess with the intent to distribute a controlled substance, namely methamphetamine (actual), as set forth in Count One of this indictment which is re-alleged here and incorporated by reference as set forth in full.

In violation of 18 U.S.C. § 924(c)(1).

### Count Three

Violation: 18 U.S.C. § 924(c)(1)
(Possession of a Firearm in Furtherance
of a Drug Trafficking Crime)

On or about March 2, 2022, in the Eastern District of Texas, ████████████, defendant, did knowingly possess a firearm in furtherance of a drug trafficking crime for

Indictment – Page 2

which he may be prosecuted in a court of the United States, namely, a violation of 21 U.S.C. § 846, conspiracy to distribute and possess with the intent to distribute a controlled substance, namely methamphetamine (actual), as set forth in Count One of this indictment which is re-alleged here and incorporated by reference as set forth in full.

In violation of 18 U.S.C. § 924(c)(1).

### Count Four

Violation: 18 U.S.C. § 924(c)(1)
(Possession of a Firearm in Furtherance of a Drug Trafficking Crime)

On or about March 22, 2022, in the Eastern District of Texas, ▮, defendant, did knowingly possess a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, a violation of 21 U.S.C. § 846, conspiracy to distribute and possess with the intent to distribute a controlled substance, namely methamphetamine (actual), as set forth in Count One of this indictment which is re-alleged here and incorporated by reference as set forth in full.

In violation of 18 U.S.C. § 924(c)(1).

### NOTICE OF INTENTION TO SEEK CRIMINAL FORFEITURE
Criminal Forfeiture Pursuant to 21 U.S.C. §§ 853

Upon conviction of the controlled substance offense alleged in Count One of this indictment **Terrence D. Williams**; ▮ ▮ ▮ and ▮, defendants, shall forfeit to the United

Indictment – Page 3

States pursuant to 21 U.S.C. § 853, any property constituting, or derived from, proceeds obtained directly, or indirectly, as a result of the said violation, and any property used, or intended to be used in any manner or part, to commit or to facilitate the commission of the said violation, including but not limited to the following:

**Money Judgment**

A sum of money equal to ninety-four thousand eight hundred and sixteen ($94,816.00) in United States currency, representing the amount of proceeds obtained as a result of the offense alleged in Count One of this indictment. Each defendant is individually liable for the money judgment as shown below:

(a) Based on **Terrence D. Williams's** involvement, he is personally liable for $61,879.80 in United States currency.

(b) Based on ▬▬▬▬ involvement, he is personally liable for $1,391.80 in United States currency.

(c) Based on ▬▬▬▬ involvement, she is personally liable for $1,000 in United States currency.

(d) Based on ▬▬▬▬ involvement, he is personally liable for $4,269 in United States currency.

(e) Based on ▬▬▬▬ involvement, she is personally liable for $5,634.60 in United States currency.

(f) Based on ▬▬▬▬ involvement, he is personally liable for $5,936.00 in United States currency.

(g) Based on ▮▮▮▮ involvement, he is personally liable for $1,000 in United States currency.

(h) Based on ▮▮▮▮ involvement, he is personally liable for $5,452.00 in United States currency.

(i) Based on ▮▮▮▮ involvement, he is personally liable for $2,638 in United States currency.

(j) Based on ▮▮▮▮ involvement, she is personally liable for $1,437 in United States currency.

(k) Based on ▮▮▮▮ involvement, he is personally liable for $1,547.80 in United States currency.

(l) Based on ▮▮▮▮ involvement, she is personally liable for $1,000 in United States currency.

(m) Based on ▮▮▮▮ involvement, he is personally liable for $1,630 in United States currency.

**Substitute Assets**

If any of the above-described forfeitable property, as a result of any act or omission of the defendant(s):

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided without difficulty.

It is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property described above.

By virtue of the commission of the felony offense charged in this indictment by the defendants any and all interest the defendants have in the above-described properties is vested in the United States and hereby forfeited to the United States pursuant to 21 U.S.C. § 853.

A TRUE BILL

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
GRAND JURY FOREPERSON

BRIT FEATHERSTON
UNITED STATES ATTORNEY

_____    10-19-2022
DONALD CARTER                    Date
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | No. 9:22CR___ |
| v. | § § | |
| TERRENCE D. WILLIAMS (1); | § § § § § § § § § § § § § § § | Judge_____ |

## NOTICE OF PENALTY

### Count One

Violation:    21 U.S.C. §§ 841(b) and 846

Penalty:    If 50 grams or more of methamphetamine (actual) its salts, isomers, and salts of its isomers or 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine - imprisonment of not less than 10 years, but not more than life, a fine not to exceed $10,000,000.00 (or twice any pecuniary gain to the defendant or loss to any victim), or both, and supervised release of at least 5 years;

If 5 grams or more, but less than 50 grams of methamphetamine (actual) its salts, isomers, and salts of its isomers or 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine - imprisonment of not less than 5 years, but not more than 40 years, a fine not to exceed $5,000,000.00 (or twice any

Notice of Penalty – Page 1

pecuniary gain to the defendant or loss to any victim), or both, and supervised release of at least 4 years;

If less than 5 grams of methamphetamine (actual) its salts, isomers, and salts of its isomers or less than 50 grams of a mixture or substance containing a detectable amount of methamphetamine - not more than 20 years imprisonment, a fine not to exceed $1,000,000.00 (or twice any pecuniary gain to the defendant or loss to any victim), or both, and supervised release of at least 3 years.

Special Assessment: $100.00

### Counts Two, Three, and Four

Violation:   18 U.S.C. § 924(c)

Penalty:   Imprisonment of not less than 5 years, unless the firearm is brandished, in which case the minimum is 7 years, or unless the firearm is discharged, in which case the minimum sentence is 10 years, which must be served consecutively to any other term of imprisonment, a fine not to exceed $250,000.00, or both; and supervised release of not more than five (5) years.

In the case of a second or subsequent conviction, imprisonment of not less than 25 years which must be served consecutively to any other term of imprisonment, a fine not to exceed $250,000, or both; and supervised release of not more than five (5) years.

Special Assessment: $100.00